UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO: 8:20-cr-46-CEH-TGW

BARRY WAYNE HOOVER
_____/

**ORDER**

This matter comes before the Court on Defendant's Motions *in Limine* (Doc. 84), filed on November 12, 2021. In the motions, Defendant seeks an order limiting testimony and evidence regarding Defendant's use of a motor vehicle, conversations with law enforcement under the guise of a medical clinician, conversations the Government asserts were "consensual," any notes regarding clinical appointments initiated by the Government, social media posts, and expert testimony from certain medical witnesses. The Government filed a response in opposition. Doc. 90. A hearing on the motions was held November 24, 2021. The Court, having considered the motions and being fully advised in the premises, will deny in part and defer ruling in part on Defendant's Motions *in Limine*.

**DISCUSSION**

Defendant Barry Hoover is charged in a two-count indictment with theft of Government funds and making a false statement. Doc. 1. Defendant moves *in limine* to exclude certain evidence and testimony. At issue in this case is whether Defendant

misrepresented the extent of his visual impairment in order to falsely obtain Veteran's Administration benefits.

"The term 'motion *in limine*' generally refers to a motion 'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). It is the province of the trial judge to weigh any materiality or relevance against any prejudice. *United States v. Shelley*, 405 F.3d 1195, 1201 (11th Cir. 2005). The trial judge has wide discretion in doing so, *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005), and unless the judge's reading is "off the scale," his discretion is not abused, *Shelley*, 405 F.3d at 1201.

"The starting place for evidentiary admissibility is relevance." *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020). "District courts may admit relevant evidence, which is evidence that 'has *any* tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence.'" *United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020) (quoting Fed. R. Evid. 401). However, irrelevant evidence is not admissible. *McGregor*, 960 F.3d at 1324.

Additionally, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Importantly,

"Rule 403 'is an extraordinary remedy which should be used sparingly, and, indeed, the trial court's discretion to exclude evidence as unduly prejudicial is narrowly circumscribed.'" *McGregor*, 960 F.3d at 1324 (quoting *United States v. Cross*, 928 F.2d 1030, 1051 (11th Cir. 1991)). "Moreover, '[i]n applying Rule 403, courts must look at the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Id.* (quoting *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014)) (internal quotes omitted).

A.   Motion *in Limine* #1: Defendant's use of a motor vehicle

Defendant seeks to exclude testimony and evidence of his use of a motor vehicle while he still maintained a valid Florida driver's license. Doc. 84 at 3–4. Defendant argues such testimony is irrelevant to prove or disprove any material fact of the crime. And even if the evidence has some slight probative value, it is outweighed by the danger of unfair prejudice and confusion of the issues. Finally, Defendant contends that to the extent it is used as evidence of his character, such character evidence is impermissible under Fed. R. Evid. 404(a).

The Government responds that the evidence is relevant to the issues in this case, particularly the second count of the indictment that charges Defendant with making a false statement that he has someone drive for him because he is unable to drive himself. Doc. 1. As discussed at the hearing, the Court finds the evidence relevant, and the motion is due to be denied without prejudice to the Defendant raising the issue at trial, if appropriate.

B. **Motion *in Limine* # 2: Defendant's communications with law enforcement acting as medical clinicians**

Defendant seeks to exclude any telephonic communications between himself and Government agents initiated under the guise of a medical clinician or medical service provider. In support, he argues he has a reasonable expectation of privacy in his communications with clinicians under anticipated doctor/patient privilege. Doc. 84 at 5. The Government responds that it does not intend to introduce any such evidence or testimony. Doc. 90 at 9–10. Accordingly, the Court will deny as moot Defendant's Motion *in Limine* #2.

C. **Motion *in Limine* #3: Telephone conversations between Defendant and the Government that the Government Asserts was consensual**

Defendant argues the underlying communication of the August 2018 call does not satisfy 18 U.S.C. § 2511 and therefore is due to be excluded. Doc. 84 at 6. The Government responds that the consensual phone call between the U.S. Department of Veterans Affairs, Office of the Inspector General (VA-OIG) and Hoover satisfies Section 2511 because the VA-OIG agent who made the call was acting under color of law and was a party to the communication. Doc. 90 at 10–11. The Government represents that the VA-OIG agent made clear that he was calling regarding Defendant's benefits and not Defendant's medical care. For the reasons discussed at the hearing, the Court will defer ruling until it has reviewed the transcript of the call. The Government is directed to email a copy of the transcript of the August 24, 2018 call to the Chambers email address.

D.  **Motion *in Limine* #4: Clinical appointments and the content of such appointments initiated by the Government**

Defendant moves to prohibit admissibility of any evidence or testimony related to clinical appointments initiated by law enforcement as undermining the anticipated doctor/patient privilege. Doc. 84 at 7. The Government responds that it does not intend to introduce evidence of clinical appointments initiated by law enforcement or Government agents. Based on the Government's response, the Court will deny as moot Defendant's Motion *in Limine* #4.

E.  **Motion *in Limine* #5: Social media posts**

Defendant seeks to exclude as hearsay all messages and posts on his social media accounts, including Facebook, Instagram, and Snapchat. The Government responds that it only seeks to offer statements made by the Defendant, which would be an exception to the hearsay rule. The Government provides a certificate of authenticity regarding the social media posts. Doc. 90-1. Statements posted by Defendant on social media would not be inadmissible hearsay. The Court defers ruling on Defendant's motion *in limine* #5, and notes that to the extent the Government lays the proper evidentiary foundation at trial, the Defendant's statements in social media posts would be admissible.

F.  **Motion *in Limine* #6: Expert testimony under the guise of lay witness testimony**

Defendant's motion *in limine* #6 pertains to medical testimony from expert witnesses Dr. Brian LeStrange, Dr. Nancy Kirk, Dr. Ahn Bui, and Dr. Naima Jacobs-

El. At the hearing, the Government indicated it would only be calling Dr. Kirk and Dr. Jacobs-El as expert witnesses at the trial. Defendant withdrew his motion *in limine* #6.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motions *in Limine* (Doc. 84) are **DENIED in part and DEFERRED in part** as follows:

    a. Motion *in Limine* #1 is **DENIED without prejudice**.

    b. Motion *in Limine* #2 is **DENIED as moot**.

    c. Ruling on Motion *in Limine* #3 is **DEFERRED**. The Government is directed to email to the Chambers email address today, **November, 24, 2021**, a copy of the transcript of the August 24, 2018 call.

    d. Motion *in Limine* #4 is **DENIED as moot**.

    e. Ruling on Motion *in Limine* #5 is **DEFERRED**.

    f. Motion *in Limine* #6 is **WITHDRAWN**.

**DONE AND ORDERED** in Tampa, Florida on November 24, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any