UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:20-cr-46-CEH-TGW

BARRY WAYNE HOOVER
_____/

**ORDER**

This matter comes before the Court on the Government's Motion *in Limine* to Exclude Proposed Expert Testimony (Doc. 83), filed on November 12, 2021. In the motion, the Government seeks an order limiting the testimony of Dr. Luis J. Haddock and excluding the testimony of John Higgins and Myles Haines. The Defendant filed a response in opposition. Doc. 91. A hearing on the motion was held November 24, 2021. The Court, having considered the motion and being fully advised in the premises, will deny, without prejudice, the Government's Motion *in Limine* to Exclude Proposed Expert Testimony.

**DISCUSSION**

Defendant Barry Hoover is charged in a two-count indictment with theft of Government funds and making a false statement. Doc. 1. The Government moves *in limine* to limit or exclude certain expert testimony offered by the defense. At issue in this case is whether Defendant misrepresented the extent of his visual impairment in order to falsely obtain Veteran's Administration benefits.

"The term 'motion *in limine*' generally refers to a motion 'to exclude anticipated prejudicial evidence before the evidence is actually offered.'" *United States v. Fernetus*, 838 F. App'x 426, 432 (11th Cir. 2020) (quoting *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984)). It is the province of the trial judge to weigh any materiality or relevance against any prejudice. *United States v. Shelley*, 405 F.3d 1195, 1201 (11th Cir. 2005). The trial judge has wide discretion in doing so, *Cabello v. Fernandez-Larios*, 402 F.3d 1148, 1161 (11th Cir. 2005), and unless the judge's reading is "off the scale," his discretion is not abused, *Shelley*, 405 F.3d at 1201.

"The starting place for evidentiary admissibility is relevance." *United States v. McGregor*, 960 F.3d 1319, 1323 (11th Cir. 2020). "District courts may admit relevant evidence, which is evidence that 'has *any* tendency to make a fact [of consequence in determining the action] more or less probable than it would be without the evidence.'" *United States v. Smith*, 967 F.3d 1196, 1205 (11th Cir. 2020) (quoting Fed. R. Evid. 401). However, irrelevant evidence is not admissible. *McGregor*, 960 F.3d at 1324.

Additionally, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Importantly, "Rule 403 'is an extraordinary remedy which should be used sparingly, and, indeed, the trial court's discretion to exclude evidence as unduly prejudicial is narrowly

circumscribed.'" *McGregor*, 960 F.3d at 1324 (quoting *United States v. Cross*, 928 F.2d 1030, 1051 (11th Cir. 1991)). "Moreover, '[i]n applying Rule 403, courts must look at the evidence in a light most favorable to admission, maximizing its probative value and minimizing its undue prejudicial impact.'" *Id.* (quoting *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1069 (11th Cir. 2014)) (internal quotes omitted).

### A.    Dr. Luis J. Haddock

The Government seeks to exclude testimony by Dr. Haddock, specifically related to his opinion that Defendant's visual acuity has been on a steady decline. In support, the Government contends that Defendant has been diagnosed with retinitis pigmentosa, which is a condition that negatively impacts peripheral vision. Because Defendant's disability is not related to his visual acuity, the Government argues that testimony regarding a decline in visual acuity—a separate visual impairment—would be confusing to the jury.

Defendant responds that his visual acuity has an impact on his peripheral vision, and he argues that he should be able to present testimony regarding that. He contends that an explanation by a medical doctor of how one condition may bear on the other would be helpful to the jury.

As discussed at the hearing, the Court cannot find that there is no basis here for admitting expert testimony regarding Defendant's visual acuity. Accordingly, the motion to limit Dr. Haddock's testimony is due to be denied, without prejudice, to the Government to raise any objections at trial, as warranted.

**B.     John Higgins**

Mr. Higgins is a co-founder and primary instructor of the Coordinated Shooting Method, LLC. Defendant seeks to introduce testimony from Mr. Higgins concerning the ability of individuals with visual impairments to engage in the sport of hunting. His testimony is offered based on his experience as a long-time instructor and specifically as an instructor of visually impaired persons. The Defendant offers this testimony to rebut the Government's position that since Defendant hunts he must not be visually impaired.

The Government contends that Mr. Higgins does not qualify as an expert, he did not instruct this Defendant, and he has not hunted with Defendant. The Government contends the testimony of this witness is irrelevant as the Government agrees that Defendant can hunt and has been hunting. Rather, the issue is whether Defendant falsely represented to the V.A. that he could not engage in sports and recreational activities.

Defendant submits that Mr. Higgins is a renown shooting instructor and should be considered an expert witness but contends that his testimony is alternatively offered as lay opinion testimony. As discussed at the hearing, the Court concludes that there may be a basis for Mr. Higgins' testimony, particularly given Defendant's statements to the VA that he could do some recreational activities although limited. Therefore, the Court will not exclude the witness, at this time. The Government will be able to challenge Mr. Higgins' qualifications as an expert, pursuant to Rule 702, Fed. R. Evid., and the relevancy of his testimony through objections and cross examination at trial.

The motion to exclude Mr. Higgins will be denied. The Defendant is ordered to provide the Government with the name of the book Mr. Higgins authored that the defense referenced in argument.

**C.     Myles Haines**

Mr. Haines is a board member of the Wyoming Disabled Hunters Association. The Government seeks to exclude Mr. Haines' testimony for the same reasons as it sought to exclude Mr. Higgins' testimony. The Court similarly finds that it cannot say there is no basis for Mr. Haines' testimony and therefore it will not be wholly excluded. As explained by the defense, Mr. Haines' testimony relates to his experience leading visually impaired persons on hunts.  To the extent the Government challenges Mr. Haines' qualification as an expert, pursuant to Rule 702, Fed. R. Evid., it may raise such objections at trial.

The Government additionally raises concerns that Mr. Haines' testimony may be cumulative of Mr. Higgins' testimony. The Court agrees and expects that Mr. Haines's testimony will pick up where Mr. Higgins' testimony leaves off and will not be duplicative of the testimony of Mr. Higgins related to instructing the visually impaired on how to hunt. The motion will be denied without prejudice to the Government's ability to raise any objections at trial, as appropriate.

Accordingly, it is hereby

**ORDERED**:

1.     Government's Motion *in Limine* to Exclude Proposed Expert Testimony (Doc. 83) is **DENIED without prejudice**.

2. The Defendant is directed to provide to the Government today, November 24, 2021, the name of the book authored by Mr. Higgins, which was referenced in oral argument.

**DONE AND ORDERED** in Tampa, Florida on November 24, 2021.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any